[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15705
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00051-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND THOMAS GOINGS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 7, 2009)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Raymond Thomas Goings, Jr. appeals the district court's denial of his motion to suppress evidence found at the time of his arrest. On appeal, he contends that the evidence should have been suppressed because Georgia law enforcement officers lacked authority to arrest him in Florida. For the reasons set forth below, we affirm.

## I.

A federal grand jury returned an indictment against Goings, charging him with possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and (b)(1)(C). Goings filed a motion to suppress evidence seized from him at the time of his arrest. He asserted that, on June 15, 2007, members of the Thomas County, Georgia – Thomasville Narcotics/Vice Squad went to his Thomasville residence after learning that he had four outstanding arrest warrants. Upon their arrival, they observed Goings drive away from the residence, at which point they activated the blue lights on their vehicle and pursued him. A high-speed chase ensued, and the officers pursued Goings over the Florida state line. The officers ultimately arrested Goings after he crashed his vehicle and attempted to flee, at which point they found narcotics and cash on his person and at the scene.

Goings argued that, although Florida law allowed officers to arrest an

individual outside of their jurisdiction when in fresh pursuit, that law was inapplicable because there was no interstate compact between Thomas County, Georgia, and Leon County, Florida. The government responded that the arrest was legal under Florida law because the officers were in fresh pursuit and, contrary to Goings's argument, interstate compacts "only become relevant when there is no fresh pursuit."

Goings filed a supplemental motion to suppress, in which he asserted that the pursuing officers had been advised by their supervisor to discontinue the chase into Florida. As a result, Goings argued that the arrest was not permitted under the fresh pursuit doctrine because the officers were not "duly authorized" to continue their pursuit into Florida. The government responded that the officers were never instructed to discontinue their pursuit.

At the suppression hearing, the district court asked defense counsel to address the Supreme Court's recent decision in Virginia v. Moore, 553 U.S. __, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008). Defense counsel acknowledged that Moore appeared to hold that it was irrelevant whether state law prohibited the arrest, but he nonetheless expressed frustration with the logic of the decision. Relying on Moore, and without hearing any testimony, the court issued the following ruling:

> The principle that the Supreme Court has adopted is that when there is probable cause to believe that a person has committed an offense, then arresting the person does not violate the Fourth Amendment. It may violate other laws or regulations, but those don't require suppression of evidence in a federal criminal proceeding.

Alternatively, the court also found that the arrest was authorized under the fresh pursuit doctrine. Goings subsequently pled guilty, pursuant to a written plea agreement, preserving the right to appeal the denial of his suppression motion. The court ultimately sentenced Goings to 20 years' imprisonment, and this appeal followed.

## II.

"In reviewing a district court's denial of a motion to suppress, we review the findings of fact for clear error and the application of law to those facts de novo." United States v. Mercer, 541 F.3d 1070, 1073-74 (11th Cir. 2008), cert. denied, 129 S.Ct. 954 (2009). In Moore, the Supreme Court addressed "whether a police officer violates the Fourth Amendment by making an arrest based on probable cause but prohibited by state law." 553 U.S. at __, 128 S.Ct. at 1601. In that case, the officers arrested the defendant for driving with a suspended license, even though state law only authorized them to issue a summons. Id. at __, 128 S.Ct. at 1602-03. As a result, the defendant argued that the drugs found in his possession during a search incident to that arrest should have been suppressed, but

the Supreme Court "conclude[d] that warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution," explaining "that while States are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment's protections." Id. at __, 128 S.Ct. at 1607.

## III.

In this case, Goings argues that the district court erred by denying his suppression motion only on the ground that the arrest leading to the discovery of the evidence violated Florida law. However, the district court correctly found that, under the Supreme Court's decision in Moore, it was irrelevant for purposes of the Fourth Amendment whether Goings's arrest violated state law, so long as it was supported by probable cause. See id. at __, 128 S.Ct. at 1608 ("When officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest . . . ."). In this respect, Goings effectively concedes on appeal that his arrest was supported by probable cause, and he does not otherwise challenge the court's denial of his suppression motion. Accordingly, we need not address whether the arrest violated Florida law, and we affirm.

**AFFIRMED.**